UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>   Plaintiff, )<br>)<br>  v. )<br>)<br>LUIS ANTONIO VALENZUELA- )<br>  SIERRA, #6 )<br>   a.k.a. "Lucho" )<br>   a.k.a. "Mi Tonto" )<br>)<br>EBLIN RAFAEL RAMIREZ-DIAZ, #7 )<br>   a.k.a. "Rafa" )<br>)<br>   Defendants. )<br>_____) | Criminal Case No. 05-341 (RMU) |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION
AND PROPOSED ORDER**

The United States respectfully moves this court to order the pretrial detention of defendants Luis Antonio Valenzuela-Sierra (Valenzuela) and Eblin Rafael Ramirez-Diaz (Ramirez) pursuant to 18 U.S.C. § 3142(e). As set forth herein, there is a statutory presumption in favor of detention because the defendant is charged with, <u>inter alia</u>, Conspiracy to Manufacture and Distribute for the Purpose of Unlawful Importation Into the United States Five Kilograms or More of Cocaine, in violation of 21 U.S.C. § 959 and 960, which is an offense that carries a maximum penalty of more than ten years imprisonment. Moreover, the government believes the defendants have no ties to the United States; the government believes the defendants have the ability to flee and would flee if released from custody; and the government believes the defendants would pose a danger to the community unless they are detained.

**I.**  **Factual Background**

Valenzuela and Ramirez have been extradited to the United States based upon charges in this case which arise from evidence obtained during an investigation which revealed that Valenzuela and Ramirez are members of a cocaine trafficking and transportation organization. Valenzuela and Ramirez are currently in custody at the Washington, D.C. Jail and have a hold placed upon them by U.S. Immigration and Customs Enforcement.

This organization, which Valenzuela and Ramirez are members of, operates in and around the north coast of Colombia, South America trafficking in cocaine intended for transportation to the United States. The organization transports large loads of cocaine from cocaine laboratories in the Sierra Nevada Mountains of northern Colombia to the coastal areas of northern Colombia, then to Central America and Mexico eventually destined for the United States.

The evidence against Valenzuela and Ramirez consists of seizures of cocaine, surveillance, Colombian court-authorized intercepted telephone conversations in Colombia, and cooperating and/or government witnesses. The evidence from the investigation shows that from at least 2004 to the present, Valenzuela and Ramirez and their associates have continually transported hundreds of kilograms of cocaine, intended for transport to the United States, using "go fast" boats from locations in northern Colombia to transhipment points in Central America. From Central America the cocaine is transported to final destinations in the United States.

Valenzuela is a logistics coordinator for the organization. In his role as a logistics coordinator Valenzuela would coordinate the "go-fast" boat operations. He would oversee the preparations of the "go-fast" boats, the crews and ensure the boats were supplied with food and fuel. Ramirez was an "intelligence" coordinator for the organization. In order for a "go-fast" cocaine shipment to be successful in would have to avoid law enforcement and military ships.

Ramirez would provide "intelligence" to the organization regarding the current locations of military and law enforcement ships at sea. The "go-fast" boats would then be directed as to the locations of these ships.

The organization would receive cocaine shipments, which are transported by truck from the laboratory locations in the nearby Sierra Nevada Mountains, are loaded into "go fast" boats or *lanchas rapidas*. The "go fast" boats are specifically designed to hold a ton or more of cocaine at a time. Moreover, these boats are typically outfitted with two to four high performance outboard engines each, enabling the boats to travel long distances at relatively high speeds, even when fully loaded. The boats leave their loading locations along the northern coast of Colombia for offloading locations in Central America and Mexico. At the offloading locations the cocaine shipments are received by other drug trafficking organizations and transported into the United States. Specifically, the organization was responsible for a cocaine shipment of approximately 2,340 kilograms intended for the United States. The cocaine shipment was seized on the Carribean Sea in April 2005.

**II.    Legal Analysis**

The federal bail statute authorizes a defendant's pretrial detention when no "condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of any other person and the community." 18 U.S.C. § 3142(e). The statute further provides that there is a rebuttable presumption that the defendant should be detained if there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act, 18 U.S.C. § 3142(e).

The existence of the indictment in this case establishes probable cause as a matter of law. See e.g., United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990). Moreover, the

Government is permitted to proceed by proffer to establish other facts relevant to the bail decision. United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).

Several other factors in the detention statute also support the Government's request for pretrial detention. First the nature and circumstances of the offense are compelling. 18 U.S.C. § 3142(g)(1). Second, the weight of the evidence against the defendant is substantial. The evidence in this case consists of seizures of cocaine, go-fast boats transporting the cocaine on international waters, legally authorized Colombian wiretaps of the defendant discussing the cocaine seizure, surveillance of the defendant and co-conspirators and the testimony of cooperating and/or government witnesses. 18 U.S.C. § 3142(g)(2). Third, the fact that the defendants are Colombian citizens with no known ties to the United States argues in favor of their detention pending trial. 18 U.S.C. § 3142(g)(3)(A). In fact, the defendants are here due to their legal extradition from Colombia. The defendants did not surrender to the United States government or come to the United States voluntarily. Several courts have ordered pretrial detention of foreign defendants without any contacts to the United States. E.g., United States v. Vargas, 804 F.2d 157 (1st Cir. 1986) (Chilean defendant in drug importation case who had no family ties to U.S. was properly detained when no conditions or combination of conditions would reasonably assure his appearance at trial); United States v. Geerts, 629 F.Supp. 830 (E.D. Pa. 1985) (defendant was citizen of Netherlands who faced possibility of approximately fifty years imprisonment on customs related charges and had no significant ties to United States; he thus presented a serious risk of flight which justified pretrial detention).

Finally, the defendants constitutes a clear and present danger to the community. The federal courts have recognized that drug traffickers, particularly those in positions of authority, are likely to continue engaging in drug related activities if released on bail and thus, constitute a

danger to the community. See United States v. Knight, 636 F.Supp. 1462 (S.D. Fla. 1986).

Accord United States v. Creekmore, 1997 W.L. 732435 (D.D.C. 1997)(Facciola, J.).

**III.     Conclusion**

For all of the foregoing reasons, the Government respectfully requests that the motion to detain the defendants without a bond pending trial be granted.

Dated: September 26, 2006

                                      Respectfully submitted

                                      KEN BLANCO, Chief
                                      Narcotics and Dangerous Drug Section

                                      _____

                                      Patrick H. Hearn
                                      Trial Attorney
                                      Narcotics and Dangerous Drug Section
                                      U.S. Department of Justice
                                      1400 New York Avenue, N.W.
                                      Washington, D.C.  20005
                                      (202) 305-7606